Filed 6/19/15  P. v. Hoang CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C077393 |
| v. | (Super. Ct. No. CRF134187) |
| THANH KIM HOANG, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Thanh Kim Hoang asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Based on our examination of the entire record, we will modify the judgment to dismiss two counts as provided in the plea agreement, and to award 16 days of presentence credit.  We will affirm the judgment as modified.  We will also direct the trial court to correct the minute order and abstract of judgment to reflect the oral pronouncement of judgment.

1

## I

City of West Sacramento Police Officer Daniel Gill responded to a vehicle accident. He saw a Toyota Prius with significant damage, and he also saw defendant and a man named Randolf standing over Randolf's girlfriend Hope. Randolph and Hope had been passengers in the car. Hope was ejected from the car when it overturned. She was later pronounced dead at the scene.

Defendant admitted he had been driving the car. Officer Gill observed defendant had bloodshot, watery eyes, his speech was slurred, and his breath smelled of alcohol. Defendant gave a blood sample approximately 30 minutes later, and his blood-alcohol content was 0.13 percent.

An information charged defendant with vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (b) -- count 1), driving under the influence of alcohol causing injury (Veh. Code, § 23153, subd. (a) -- count 2), and driving with a blood-alcohol content of 0.08 or more causing injury (Veh. Code, § 23153, subd. (b) -- count 3). As to the latter two counts, the information also alleged defendant personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)) and caused injury to multiple victims (Veh. Code, § 23558).

Defendant pleaded no contest to driving with a blood-alcohol content of 0.08 percent or above causing injury and admitted the allegation that he had personally inflicted great bodily injury. The plea agreement provided that defendant would be sentenced to two years on count 3, plus a consecutive three years on the enhancement allegation, for an aggregate term of five years. The plea agreement also provided that the remaining counts would be dismissed. The trial court sentenced defendant consistent with the plea agreement, but it did not dismiss the remaining counts. The trial court ordered defendant to pay a $300 restitution fine (Pen. Code, § 1202.4), a $300 parole revocation fine (Pen. Code, § 1202.45), a $50 crime lab analysis fee plus penalty assessments of $155 (Health & Saf. Code, § 11372.5), a $150 drug program fee plus

penalty assessments of $465 (Health & Saf. Code, § 11372.7), a $40 court operations assessment (Pen. Code, § 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1)).

Defendant did not obtain a certificate of probable cause.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

We have examined the entire record. At sentencing, the trial court did not dismiss the remaining counts (counts 1 and 2) as provided in the plea agreement. We will modify the judgment to dismiss those counts and the attendant enhancement allegations.

In addition, "[r]endition of the judgment is normally an oral pronouncement, and the abstract of judgment cannot add to, or modify, the judgment, but only purports to digest and summarize it. [Citation.]" (*People v. Zackery* (2007) 147 Cal.App.4th 380, 389.) At sentencing the trial court did not mention an award of presentence credit, but the minute order and abstract of judgment indicate that the trial court awarded 16 days of credit. Because it appears from the record that defendant was entitled to 16 days of presentence credit, we will order that credit, thereby rendering the minute order and abstract of judgment correct.

Moreover, the minute order and abstract of judgment do not reflect the trial court's oral imposition of a $50 crime lab analysis fee plus assessments of $155, or the $150 drug program fee plus penalty assessments of $465. We will direct the trial court to correct the minute order and abstract of judgment to reflect the oral pronouncement of judgment in that regard.

3

DISPOSITION

The judgment is modified to dismiss counts 1 and 2 and the attendant enhancement allegations, and to award 16 days of presentence credit. The judgment is affirmed as modified. The trial court is directed to correct the minute order and abstract of judgment to reflect the oral imposition of a $50 crime lab analysis fee plus assessments of $155, and a $150 drug program fee plus penalty assessments of $465. The trial court is further directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

                                                    MAURO            , J.


We concur:


        BLEASE           , Acting P. J.


        RENNER           , J.


4